# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BENNETT COLLEGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:19-cv-00883-MHC |
| THE SOUTHERN ASSOCIATION ) | |
| OF COLLEGES AND SCHOOLS ) | |
| COMMISSION ON COLLEGES ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant the Southern Association of Colleges and Schools Commission on Colleges, Inc. ("SACSCOC"), pursuant to Federal Rule of Civil Procedure 12 and the Acknowledgement of Service filed on March 15, 2019 (Dkt. 7), respectfully submits its Answer and Defenses to the Verified Complaint for Injunctive, Monetary and Declaratory Relief (the "Complaint") submitted by Bennett College (the "College").

Without assuming the burden of proof where it otherwise rests with the College, SACSCOC pleads the following defenses:

**FIRST DEFENSE**

The College fails to state a claim upon which relief may be granted regarding the common law governing accrediting agencies. Specifically, common law due process does not apply to an accreditation decision made by SACSCOC. However, to the extent that such a claim exists, this Court's review is not *de novo* but is limited to determining only whether the decision of an accrediting agency such as SACSCOC is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence.

**SECOND DEFENSE**

The College has waived any claims it has in this Complaint based on arguments which it failed to raise during the underlying SACSCOC administrative proceedings.

**THIRD DEFENSE**

The policies and procedures of SACSCOC which the College challenges have been previously been deemed lawful by the United States Court of Appeals for the Eleventh Circuit in *Hiawassee College, Inc. v. The Southern Association of Colleges and Schools*, 531 F.3d 1333 (11th Cir. 2008).

**FOURTH DEFENSE**

SACSCOC is entitled to deference in its interpretation of its requirement that an institution have "sound financial resources" and a "stable financial base to support the mission of the institution."

**FIFTH DEFENSE**

The College failed to present new and verifiable financial information, material to the adverse decision of the SACSCOC Board of Trustees.

SACSCOC reserves the right to assert other applicable defenses.

SACSCOC answers the individually numbered allegations of the College's Complaint as follows:

**INTRODUCTION[1]**

1.

SACSCOC denies that this lawsuit is filed to ensure the survival of Bennett College. SACSCOC lacks information sufficient to form a belief as to Bennett's characterization of itself as providing a "vital educational and social need." SACSCOC admits the remaining allegations in Paragraph 1, upon information and belief.

2.

SACSCOC denies the allegations in Paragraph 2.

---

[1] Except as expressly admitted herein, SACSCOC denies the allegations in the headings and the footnotes that appear in the Complaint.

3.

SACSCOC denies that it "reversed course" when the Board of Trustees of SACSCOC voted to remove the College from membership. SACSCOC further denies that the Board of Trustees of SACSCOC voted to remove the College as a member of SACSCOC on December 8, 2018, as that vote occurred on December 9, 2018. SACSCOC admits the remaining allegations in Paragraph 3.

4.

SACSCOC admits that Core Requirement 13.1 of the *Principles of Accreditation* requires an institution to have "sound financial resources" and a "demonstrated, stable financial base to support the mission of the institution and the scope of its programs and services." SACSCOC admits the remaining allegations in Paragraph 4.

5.

SACSCOC denies the allegations in Paragraph 5.

6.

SACSCOC denies the allegations in Paragraph 6.

7.

SACSCOC denies the allegations in Paragraph 7.

## PARTIES

8.

SACSCOC admits the allegations in Paragraph 8, upon information and belief.

9.

SACSCOC admits the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10.

SACSCOC admits that this Court has subject matter jurisdiction over the subject matter of this dispute and may issue relief in the manner and to the extent authorized by federal law. SACSCOC denies the remaining allegations in Paragraph 10.

11.

SACSCOC admits the allegations in Paragraph 11.

12.

SACSCOC admits the allegations in Paragraph 12.

## GENERAL ALLEGATIONS

**A.** **History of Bennett College**

13.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.

SACSCOC admits the allegations in the second sentence in Paragraph 14. SACSCOC further admits that Bennett's stated policy is to accept all qualified students without regard to race, creed, or color, and that its stated primary mission is to assist minority and economically disadvantaged students in receiving social equality and economic parity through education. SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14.

15.

The allegations in Paragraph 15 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 15 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

**B.**  **Accreditation History and Remediation Efforts**

16.

SACSCOC admits that it is the recognized regional accrediting body in the eleven U.S. Southern states (Alabama, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee, Texas and Virginia) and in Latin America, for those institutions of higher education that award associate, baccalaureate, master's or doctoral degrees.

17.

SACSCOC admits the allegations in Paragraph 17.

18.

The first sentence of Paragraph 18 constitutes a legal contention that requires no answer, but to the extent an answer may be permitted or required, SACSCOC denies the allegations in the first sentence of Paragraph 18.  SACSCOC denies the remaining allegations in Paragraph 18.

19.

SACSCOC admits the allegations in Paragraph 19.

20.

SACSCOC admits the allegations in Paragraph 20.

21.

SACSCOC admits the allegations in Paragraph 21.

22.

SACSCOC admits the allegations in Paragraph 22.

23.

SACSCOC objects that this allegation violates Fed. R. Civ. P. 8(d)'s requirement that "[e]each allegation must be simple, concise, and direct."  To the extent a response is required, SACSCOC states that the allegations in Paragraph 23 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 23 to the extent they

mischaracterize or are inconsistent with those documents. SACSCOC denies the remaining allegations in Paragraph 23.

24.

The allegations in Paragraph 24 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 24 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC denies the remaining allegations in Paragraph 24.

25.

SACSCOC denies the allegations in Paragraph 25.

26.

The allegations in Paragraph 26 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 26 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC denies the remaining allegations in Paragraph 26.

27.

SACSCOC objects that this allegation violates Fed. R. Civ. P. 8(d)'s requirement that "[e]each allegation must be simple, concise, and direct." To the extent a response is required, SACSCOC states that the allegations in Paragraph 27 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 27 to the extent they

mischaracterize or are inconsistent with those documents. SACSCOC denies the remaining allegations in Paragraph 27.

28.

SACSCOC denies the allegations in Paragraph 28.

C.      **December 2018 Adverse Action and Appeal**

29.

SACSCOC objects that this allegation violates Fed. R. Civ. P. 8(d)'s requirement that "[e]each allegation must be simple, concise, and direct." To the extent a response is required, SACSCOC states that the allegations in Paragraph 29 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 29 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the SACSCOC Board of Trustees voted to remove the College from membership based on finances. SACSCOC further admits that SACSCOC reviewed and considered the documentation submitted by the College. SACSCOC denies the remaining allegations in Paragraph 29.

30.

The allegations in Paragraph 30 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 30 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the College appealed SACSCOC's

9

decision to remove it from membership and that the College submitted documentation (including untimely submissions) to SACSCOC as part of that appeal. SACSCOC denies the remaining allegations in Paragraph 30.

### 1.     Fundraising Campaign

31.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and therefore denies them.

32.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and therefore denies them.

33.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

### 2.     Debt Restructuring

34.

SACSCOC denies the allegations in Paragraph 34.

35.

SACSCOC denies the allegations in Paragraph 35 and in the footnote.

### 3. Future Sale of Assets

36.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies them.

37.

SACSCOC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

### 4. Financial Reports

38.

The allegations in Paragraph 38 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 38 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the College appealed SACSCOC's decision to remove it from membership and that the College submitted documentation to SACSCOC as part of that appeal. SACSCOC denies the remaining allegations in Paragraph 38.

39.

SACSCOC denies the allegations in Paragraph 39.

40.

SACSCOC denies the allegations in Paragraph 40.

### 5. Bank Statement

41.

The allegations in Paragraph 41 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 41 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the College appealed SACSCOC's decision to remove it from membership and that the College submitted documentation to SACSCOC as part of that appeal. SACSCOC denies the remaining allegations in Paragraph 41.

### D. The Appeals Committee Denies Bennett's Appeal

42.

The allegations in Paragraph 42 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 42 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the Appeals Committee affirmed the Board's removal of the College from membership. SACSCOC denies any remaining allegations in Paragraph 42.

## Count I
## SACSCOC Violated Bennett College's Due Process By Failing to Follow its Own Rules and Procedures in Deciding to Strip the College of its Accreditation.

43.

SACSCOC incorporates its responses to the allegations in Paragraphs 1 through 42 above.

44.

SACSCOC denies the allegations in Paragraph 44.

45.

The allegations in Paragraph 45 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 45 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC denies the remaining allegations in Paragraph 45.

46.

The allegations in Paragraph 46 purport to quote from and/or summarize documents that speak for themselves, and SACSCOC denies the allegations contained in Paragraph 46 to the extent they mischaracterize or are inconsistent with those documents. SACSCOC admits that the College was removed from membership because of finances.

47.

SACSCOC denies the allegations in Paragraph 47.

13

48.

SACSCOC denies the allegations in Paragraph 48.

49.

SACSCOC denies the allegations in Paragraph 49.

50.

SACSCOC denies the allegations in Paragraph 50.

51.

SACSCOC denies the allegations in Paragraph 51.

52.

SACSCOC denies the allegations in Paragraph 52.

## Count II
## SACSCOC Failed to Afford the College Adequate Due Process in Reaching its Decision to Strip the College of its Accreditation

53.

SACSCOC incorporates its responses to the allegations in Paragraphs 1 through 52 above.

54.

The allegations in Paragraph 54 constitute a legal contention that requires no answer, but to the extent an answer may be permitted or required, SACSCOC denies the allegations in Paragraph 54.

55.

The allegations in Paragraph 55 constitute a legal contention that requires no answer, but to the extent an answer may be permitted or required, SACSCOC denies the allegations in Paragraph 55.

56.

The allegations in Paragraph 56 constitute a legal contention that requires no answer, but to the extent an answer may be permitted or required, SACSCOC denies the allegations in Paragraph 56.

57.

SACSCOC denies the allegations in Paragraph 57.

## COUNT III
### SACSCOC's Decision to Strip Bennett of its Accreditation was Arbitrary, Unreasonable, and not Supported by the Record

58.

SACSCOC incorporates its responses to the allegations in Paragraphs 1 through 57 above.

59.

The allegations in Paragraph 59 constitute a legal contention that requires no answer, but to the extent an answer may be permitted or required, SACSCOC denies the allegations in Paragraph 59.

60.

SACSCOC denies the allegations in Paragraph 60.

**PRAYER FOR RELIEF**

To the extent that a response is required to the College's Prayer for Relief, SACSCOC denies that the College is entitled to any relief. SACSCOC further denies that the College is entitled to a jury trial in this action.

Respectfully submitted this 5th day of April, 2019.

/s/ Patrick W. McKee
Patrick W. McKee
Georgia Bar No. 494325
pwmckee@mckeelaw.com
**LAW OFFICE OF PATRICK W. MCKEE, LLC**
19 Spring Street
Newnan, Georgia 30263
(770) 683-8900 (phone)
(770) 683-8905 (facsimile)

/s/ Letitia A. McDonald
Letitia A. McDonald
Georgia Bar No. 489430
Lohr Beck-Kemp
Georgia Bar No. 828063
J. Matthew Brigman
Georgia Bar No. 254905
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, Georgia 30309
tmcdonald@kslaw.com
lbeck-kemp@kslaw.com
mbrigman@kslaw.com
 (404) 572-4600 (telephone)
(404) 572-5139 (facsimile)

*Attorneys for Defendant The Southern Association Of Colleges and Schools Commission on Colleges, Inc*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

>Derin B. Dickerson
>Gavin Reinke
>Jahnisa T. Loadholt
>Kristi Ramsay
>ALSTON & BIRD, LLP
>One Atlantic Center
>1201 West Peachtree Street
>Atlanta, Georgia 30309-3424
>(404) 881-7000 (phone)
>(404) 881-7777 (fax)
>
>*Attorneys for Plaintiff Bennett College*

This 5th day of April, 2019.

>/s/ Lohr A. Beck-Kemp
>Lohr A. Beck-Kemp
>Georgia Bar No. 828063