**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BENNETT COLLEGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 1:19-cv-00883-MHC |
| ) | |
| THE SOUTHERN ASSOCIATION ) | |
| OF COLLEGES AND SCHOOLS ) | |
| COMMISSION ON COLLEGES, INC., ) | |
| ) | |
| Defendant. ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING**
**CONFIDENTIALITY**

The parties hereto, by their undersigned counsel, having stipulated to the entry of this Protective Order ("Order"), and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

**I.   DEFINITIONS**

1. As used in this Order, the term:

a. "Discovery Material" shall include any document, material, data, testimony, interrogatory responses, responses to requests for admission, depositions, electronically stored information, or information in any form or medium whatsoever, including, without limitation, any written or printed matter, any photograph, drawing, chart, design, or other pictorial representation, and any

1

electronic, magnetic, or photographic recording, whether tape, film, disc, microfiche, or any other medium in digital format.

b. "Producing Party" means any party providing material which contains or discloses confidential, personal, financial, technical, or proprietary information, or information protected by the right to privacy.

c. "Receiving Party" means any party receiving from a Producing Party material which contains or discloses confidential, personal, financial, technical, or proprietary information, or information protected by the right to privacy.

d. "Action" means the litigation captioned *Bennett College v. The Southern Association of College and Schools Commission on Colleges, Inc.*, C.A. No. 1:19-cv-00883-MHC (N.D. Ga.).

e. "Person" shall include any party or non-party to this Action, whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity.

f. "Provide" means the production of any material, whether voluntarily or involuntarily and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

g. "Confidential Material" means any Discovery Material which contains or discloses confidential, personal, financial, technical, or proprietary

information, or information protected by the right to privacy and that has been designated as confidential in accordance with the terms of this Order.

## II.   CONFIDENTIAL DESIGNATION

2.   Any Producing Party may designate Discovery Material as Confidential Material.  To designate any Discovery Material as Confidential Material, the Producing Party shall mark all pages of any such Discovery Material as "CONFIDENTIAL."  If the Confidential Material appears in a document produced in native format, the title of the document shall be marked as "CONFIDENTIAL."  Information and documents that have been publicly disclosed, or are available to members of the general public, or otherwise have not been or are not maintained in confidence, are not confidential and may not be designated as Confidential Material, but nothing in this Order shall prohibit the parties from designating documents that have been previously produced in this Action prior to the entry of this Order as Confidential Material.

3.   The parties may designate as Confidential Material only those documents that they in good faith believe are entitled to protection pursuant to the standards set forth in this Order.  A Producing Party may designate as Confidential Material any Discovery Material provided to any party in this Action that meets the standards of confidentiality set forth in this Order, including, without limitation,

testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents and electronic materials produced, information obtained from inspection of premises or tangible objects, and answers to requests for admission. If a person or firm who is not a party to this agreement produces, in response to discovery requests or a subpoena in this Action, material or information that the producing person or firm received from or prepared at the direction of a party hereto and which meets the standards for confidentiality set forth in this Order, then that party hereto may designate (or cause the Producing Party to designate) such material or information as Confidential Material. The party hereto responsible for such designation shall have the same rights and obligations as a Producing Party under this Order.

  4. In the event a Producing Party elects to produce files and records for inspection and the Receiving Party desires to inspect files, no designation needs to be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the

appropriate confidentiality marking at the time the copies are produced to the Receiving Party.

### III. RESTRICTIONS ON USE OF DISCOVERY MATERIAL

5. Except by leave of Court, Discovery Material containing Confidential Material provided by a Producing Party to a Receiving Party shall not be used by the Receiving Party or anyone other than the Producing Party for any purpose, including without limitation, any business, governmental, commercial, or litigation (administrative or judicial) purpose, other than the preparation, trial, and appeal, including any retrials, of this Action.

### IV. RESTRICTIONS ON USE OF CONFIDENTIAL MATERIAL

6. Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any persons other than those described in Paragraph 8 of this Order and other than in accordance with the terms, conditions, and restrictions of this Order.

7. All Confidential Material shall be kept secure by counsel for the Receiving Party ("Receiving Counsel") and access to Confidential Material shall be limited to persons authorized pursuant to Paragraph 8 of this Order.

8. For purposes of the preparation, trial, and appeal of this Action, and subject to the terms, conditions, and restrictions of this Order, Receiving Counsel

may disclose Confidential Material and the contents of Confidential Material only to the following persons:

(a) Counsel of record working on this Action on behalf of any party, in-house counsel for any party, and counsel's partners, associates, paralegals, and secretarial and clerical employees, and any vendors hired by counsel of record or a party who are actively assisting in the preparation, trial or appeal of this action.

(b) The named plaintiff and the named defendant in this Action and such employees, board of trustees members, or agents of the named plaintiff and the named defendant as are involved in the prosecution or defense of this litigation.

(c) Court reporters and their staff.

(d) The Court and any person employed by the Court whose duties require access to Confidential Material.

(e) Experts and consultants retained, specially employed, or informally consulted by Receiving Counsel concerning the preparation, trial or appeal of this action and their secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this Action.

(f) Witnesses or deponents, and their counsel, if Receiving Counsel believes in good faith the disclosure of the information contained in the Confidential Material is reasonably necessary to prepare for the trial of this Action.

## V.  UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

9. Before Receiving Counsel may disclose Confidential Material to any person described in Subparagraphs 8(e) above, the person to whom disclosure is to be made shall read a copy of this Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of this Order by signing the form attached as Exhibit A to this Order (the "Agreement"), and shall retain a copy of this Order with a copy of his or her signed Agreement attached.  Receiving Counsel, or his or her designee, shall be responsible for preserving and keeping in a separate file all signed Agreements to this Order.

## VI.  DEPOSITIONS

10. A deponent may be shown and examined about Confidential Material if (a) the deponent is a witness pursuant to Paragraph 8(f) above, or (b) the deponent is an expert and/or consultant pursuant to Paragraph 8(e) above and the Receiving Counsel has complied with the provisions of Paragraph 9 above.

11. Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as Confidential Material.  Failure of counsel to designate testimony or exhibits as Confidential Material at deposition, however, shall not constitute a

waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript or the exhibits as Confidential Material within thirty (30) days of receipt of the transcript.

## VII. OBJECTIONS TO CONFIDENTIALITY

12. The Receiving Party may at any time notify the Producing Party in writing that specified Discovery Material designated as Confidential Material is not properly so designated because such Discovery Material is not confidential, proprietary, or otherwise entitled to protection as Confidential Material pursuant to the standards set forth in this Order. If negotiations between the Receiving Party and the Producing Party do not resolve the dispute as to any designation of Discovery Material as Confidential Material, the Receiving Party may file a motion to challenge the confidential designation of the Discovery Material in question. Pending resolution of any motion filed pursuant to this paragraph, all parties and all other persons bound by this Order shall continue to treat the disputed Discovery Material as confidential until the issue is resolved by the Court.

## VIII. NO WAIVER BY INADVERTENT PRODUCTION

13. If any Confidential Material is inadvertently provided to a Receiving Party without being marked as confidential in accordance with Paragraph 2 of this

Order, the failure to so mark the Discovery Material shall not be deemed a waiver of its confidentiality. When the Discovery Material is designated as Confidential Material, the Receiving Party shall take prompt steps to assure that the Discovery Material is marked as confidential or returned to the Producing Party for confidential designation pursuant to Paragraph 2 of this Order.

14. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information will not constitute a waiver of any privilege or other protection (including work product) in the case of an inadvertent disclosure. Upon realizing an inadvertent disclosure, the Producing Party will notify the Receiving Party of the inadvertent disclosure and instruct the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the Producing Party, the Receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this

Order prevents the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

### IX.   IN PLEADINGS AND OTHER COURT PAPERS

15. To the extent that any documents or things designated as Confidential Material are to be electronically filed with the Court through the ECF system, the Parties shall file such Confidential Material under seal pursuant to this Court's Procedures for Electronic Filing Under Seal in Civil Cases. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal.

16. To the extent that any documents or things designated as Confidential Material are to be filed in physical form or submitted as courtesy copies to the Court, each such document and thing shall be filed or submitted in an envelope

marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked.

> *"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This [receptacle] contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties or to court personnel who reasonably require access for purposes of the administration or adjudication of this action."*

17. Notwithstanding the provisions of Paragraphs 15 and 16, the mere inclusion in a pleading of factual information derived from documents or things designated Confidential Material will not require that pleading be filed under seal.

## X.   USE OF CONFIDENTIAL MATERIAL AT PRETRIAL HEARINGS

18. Prior to the use of any Confidential Material at any pretrial hearing in this Action, Receiving Counsel shall take reasonable steps to afford counsel for the Producing Party the opportunity to object to disclosure of Confidential Material in open court.

## XI.   USE OF CONFIDENTIAL INFORMATION AT TRIAL

19. Subject to the Federal Rules of Civil Procedure, Confidential Material may be offered in evidence at trial or at any judicial hearing in this Action, provided that the proponent of the evidence gives five (5) calendar days' notice to counsel for the Producing Party. When it is not practicable to provide five (5) calendar days' notice—if, for example, a party wishes to offer Confidential

Material as evidence in connection with the cross-examination of a witness or as rebuttal evidence—the proponent of the evidence shall provide to counsel for the Producing Party such shorter notice as is reasonable under the circumstances. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection, if any, may be afforded to such information at trial.

## XII.   RETURN OF DISCOVERY MATERIAL

20.   Within ninety (90) calendar days after the final settlement or termination of this Action, any Producing Counsel may direct in writing that the respective Receiving Counsel return or destroy any Confidential Material provided by the Producing Party, including Confidential Material the Receiving Counsel provided to persons pursuant to Paragraph 8 above. As to any requests for the return of Confidential Material, the Producing Party shall bear the reasonable expense of returning the Confidential Material. Within thirty (30) calendar days after receipt of such a request, Receiving Counsel shall return or shall destroy, as requested, all Confidential Material, including all copies, notes, tapes, papers, and any other medium containing, summarizing, excerpting, or otherwise embodying

any Confidential Material, except that Receiving Counsel shall be entitled to (a) destroy any Confidential Material stored in or by data processing equipment and (b) retain work product, memoranda, or pleadings embodying Confidential Material and one copy of Confidential Material for counsel's historic files.  Any Confidential Material, including that embodied in memoranda or pleadings retained in the files of a Receiving Counsel after final settlement of termination of this Action, however, shall not be disclosed to any person, other than the Receiving Counsel's partners, associates, and employees, and shall not be used for any purpose.  If, after appropriate application to the Court, any deposition transcript, exhibit, or other Discovery Material containing Confidential Material is returned to the parties or to their counsel by the Clerk of the Court, such Confidential Material shall also be returned or destroyed as set forth above, except that counsel may retain one copy for its historic files.  Each Receiving Party and his counsel shall make reasonable efforts to ensure compliance with this paragraph and to locate, retrieve, and return or destroy all Confidential Material provided by the Producing Party, except as provided above.

## XIII. SCOPE OF THIS ORDER

21.   If at any time a Receiving Party receives a document request or subpoena calling for the Receiving Party to produce Discovery Material to a

person or entity not a party to this Action, the Receiving Party shall—within five (5) calendar days and before producing the Discovery Material—notify the Producing Party of the document request or subpoena. The Producing Party then will have the burden of contesting the document request or subpoena. If the Producing Party does not contest the document request or subpoena, or is not successful in contesting it, the Receiving Party may produce Discovery Material responsive to the document request or subpoena.

22. Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Discovery Material claimed to be protected work product or privileged under applicable law, Discovery Material as to which the Producing Party claims a legal obligation not to disclose, or Discovery Material not required to be produced pursuant to the Federal Rules of Civil Procedure; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial of any evidence; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

23. The placing of either a confidentiality designation or a production identification number on the face of a document produced shall have no effect on

the authenticity or admissibility of that document at trial. Subject to the restrictions of Paragraph 18, any party requesting that an unmarked copy be used at trial shall provide a clean copy to the proponent of the document.

24. This Order is entered without prejudice to the right of any person to waive the applicability of this Order to any Discovery Material produced or disclosed by that person or to use any Discovery Material owned by that person in any manner that person deems appropriate.

25. All promises, agreements, obligations, and covenants made herein shall be deemed to be orders of this Court, as well as contractual undertakings of the parties, and shall be specifically enforceable by this Court by injunction or otherwise, and by any other relief deemed appropriate by the Court.

26. The terms of this Order shall survive and remain in full force and effect after the termination of this Action.

SO STIPULATED:

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|

/s/ *Derin B. Dickerson*    /s/ *Letitia A. McDonald*

Derin B. Dickerson
Georgia Bar No. 220620
Jahnisa T. Loadholt
Georgia Bar No. 940679
Gavin Reinke
Georgia Bar No. 159424
Kristi Ramsay
Georgia Bar No. 964749
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
derin.dickerson@alston.com
jahnisa.loadholt@alston.com
gavin.reinke@alston.com
kristi.ramsay@alston.com

Patrick W. McKee
Georgia Bar No. 494325
**LAW OFFICE OF PATRICK W. MCKEE, LLC**
19 Spring Street
Newnan, GA 30263
Phone: (470) 400-1562
Fax: (770) 683-8905
pwmckee@mckeelaw.com

Letitia A. McDonald
Georgia Bar No. 489430
James Matthew Brigman
Georgia Bar No. 254905
Lohr A. Beck-Kemp
Georgia Bar No. 828063
**KING & SPALDING LLP**
1180 Peachtree St. NE
Atlanta, GA 30309
Phone: (404) 572-4600
Fax: (404) 572-3139
tmcdonald@kslaw.com
mbrigman@kslaw.com
lbeck-kemp@kslaw.com

**SO ORDERED** this 13th day of August, 2019.

_____
MARK H. COHEN
United States District Judge

# EXHIBIT A

## Agreement to be Bound by Protective Order

I, _____ (print or type name), hereby acknowledge that I have received a copy of the Protective Order entered in *Bennett College v. The Southern Association of College and Schools Commission on Colleges, Inc.*, C.A. No. 1:19-cv-00883-MHC (N.D. Ga.), that I have read that Order, that I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to Confidential Material pursuant to that Order, and that I agree to be bound by all of the terms, conditions, and restrictions imposed by that Order.

I further acknowledge and declare that I have no reason to believe that my receipt and review of Confidential Material might pose any risk of competitive or commercial disadvantage to any party to this Action.

I further agree that I will return, in accordance with terms of Paragraph 20 of that Order, all Confidential Material I receive to counsel who provided me with such material.

I further acknowledge that it is my understanding that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide

by and comply with all the terms, conditions and restrictions imposed by that Order.

Dated: _____

_____
Name

_____
Occupation

_____
Employer

_____
Business Address

_____
Business Phone