## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| |
|---|
| IN RE CIVIL CASES ASSIGNED TO<br>JUDGE STEVEN D. GRIMBERG |

### STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Steven D. Grimberg. These guidelines are furnished to inform the parties and their counsel of the policies, procedures, and practices of this Court, and to promote the just, speedy, and economical disposition of cases. This Order, in combination with the Civil Local Rules of the United States District Court for the Northern District of Georgia and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders. In addition, in the event a Magistrate Judge is assigned to this case, orders issued by that judge shall govern while the case is pending before the Magistrate Judge, rather than this Standing Order unless the Court directs otherwise.

**All counsel of record and *pro se* parties are required to sign and file, within 10 days after entry of this Order, a Certificate of Compliance in a format consistent with the Certificate of Compliance attached as Exhibit B.**

## TABLE OF CONTENTS

I.  CASE ADMINISTRATION ................................................................. 5

    a.  Contacting Chambers ................................................. 5

    b.  Courtesy Copies of Documents ............................. 5

    c.  Attorneys ...................................................................... 6

        i.  Admission of Counsel *Pro Hac Vice* .................... 6

        ii.  Electronic Registration for All Counsel ........... 6

        iii.  Leaves of Absence ............................................ 6

        iv.  Withdrawal or Substitution of Counsel ........... 7

    d.  *Pro Se* Litigants .......................................................... 7

II.  CASE MANAGEMENT ...................................................................... 10

    a.  Responses to Pleadings ........................................... 10

    b.  Amended Complaints and Motions to Dismiss .................. 11

    c.  Motions for Temporary Restraining Orders or Preliminary Injunctive Relief ................................. 11

    d.  Brief Nomenclature ................................................. 12

    e.  Electronic Filing of Exhibits and Attachments ........... 12

    f.  Extensions of Time ................................................... 13

    g.  Extensions of Page Limits ..................................... 14

    h.  Page Limits for Objections to Reports and Recommendations by Magistrate Judges ................ 15

    i.  Stipulations ................................................................ 15

j.  Legal Citations ........................................................... 15

k.  Conferences ............................................................. 15

l.  Requests for Oral Argument on Motions ........................... 16

m.  Proposed Orders ........................................................ 16

III.  Discovery ..................................................................... 16

a.  General Principles of Discovery ..................................... 16

b.  Joint Preliminary Report and Discovery Plan ..................... 18

c.  Initial Disclosures ...................................................... 20

d.  Discovery Responses: Boilerplate and General
    Objections .............................................................. 20

e.  Interrogatories .......................................................... 21

f.  Requests for Production or Inspection .............................. 23

g.  Requests for Admission ............................................... 24

h.  Depositions .............................................................. 25

i.  Discovery Disputes ..................................................... 26

j.  Confidentiality Agreements, Protective Orders, Motions
    to Seal ................................................................... 28

IV.  Summary Judgment ........................................................ 29

a.  Motions for Summary Judgment ..................................... 29

b.  Form of Statement of Material Facts ............................... 30

V.  Trial .......................................................................... 31

a.  Proposed Consolidated Pretrial Order .............................. 31

i.  Outstanding Motions .............................................. 31

       *ii.*    Voir Dire ........................................................................... 32

       *iii.*   Issues to Be Tried............................................................. 32

       *iv.*   Trial Exhibits and Witnesses.......................................... 33

       *v.*    Discovery Materials ......................................................... 33

   b.    Final Pretrial Conference..................................................... 34

   c.    Proposed Findings of Fact and Conclusions of Law ........................... 35

   d.    Courtroom Technology ......................................................... 36

   e.    Trial Days........................................................................ 37

       *i.*    Voir Dire ........................................................................... 37

       *ii.*    Courtroom Communications and Conduct .............................. 38

       *iii.*   Opening Statements ........................................................ 39

       *iv.*   Witnesses ......................................................................... 39

       *v.*    Exhibits............................................................................ 40

       *vi.*   Jury Charges..................................................................... 41

Exhibit A: Qualifying Questions for Prospective Jurors........................... 43

Exhibit B: Certificate of Compliance ....................................................... 44

## I.     CASE ADMINISTRATION

### a.     Contacting Chambers

The Courtroom Deputy Clerk is your principal point of contact on matters related to this case. Communications with Chambers should be via e-mail sent to kristina_jones@gand.uscourts.gov. *Pro se* parties may also contact Chambers via regular mail or overnight carrier at:

> The Honorable Steven D. Grimberg
> ATTN: KJ Jones
> 1767 United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303-3309

Counsel and *pro se* parties are cautioned that the Court, in its discretion, may file on the docket written communications submitted to Chambers. ***Neither the parties nor their counsel should discuss the merits of the case with the Courtroom Deputy Clerk or any of the Court's law clerks.***

### b.     Courtesy Copies of Documents

Courtesy copies of filings should not be provided to the Court, ***except for*** emergency motions filed pursuant to LR 7.2B, NDGa; motions for temporary restraining orders or preliminary injunctions; motions for summary judgment; and any motions with voluminous exhibits. Courtesy copies of such motions should be hand-delivered to Chambers in Room 1767 on the 17th floor of the Richard B. Russell Federal Building (75 Ted Turner Drive, S.W.) or submitted via

regular mail or overnight carrier at the above-provided address. All courtesy copies should be file-stamped and reflect the CM/ECF (Case Management/ Electronic Case Filing) header. Courtesy copies of motions with voluminous exhibits (including motions for summary judgment) should be assembled in a tabbed, indexed three-ringed binder.

### c.    Attorneys

#### i.    Admission of Counsel *Pro Hac Vice*

In the event that lead counsel has been admitted *pro hac vice*, local counsel is required to be familiar with the case and may be called on to attend hearings or participate in conferences on behalf of lead counsel.

#### ii.    Electronic Registration for All Counsel

All counsel—including counsel admitted *pro hac vice*—must register and participate in the Court's electronic filing system, CM/ECF.[1] *Pro se* litigants are not part of the Court's electronic filing system and should be served directly.

#### iii.    Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave(s) of absence. Leave requests shall comply with LR 83.1, NDGa. All requests for or notices of leave(s) of absence must be

---

[1]    NDGa Standing Order 04-01.

electronically filed. Counsel should not mail or hand-deliver paper copies to Chambers. Notices of leave(s) of absence may be in the form of a letter.

### iv.   Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of status. Counsel should comply with LR 83.1, NDGa, when substituting or withdrawing as counsel. Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

### d.   *Pro Se* Litigants

Parties proceeding *pro se* (without an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as the Court's Local Rules ("LR, NDGa"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the courthouse.

Counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" means any form of contact with the Court outside the presence

of the opposing party or opposing party's counsel. This includes, but is not limited to, telephone calls, written correspondence, and in-person contact. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.[2]

The National Association of Professional Process Servers provides a search engine for locating process servers across the nation at its website (www.napps.org). The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court. The Court will only issue such direction in the following instances: (1) when a plaintiff has been granted leave to proceed *in forma pauperis* (without prepayment of fees) and has survived a frivolity review; or (2) in the Court's discretion, when exceptional circumstances exist. In the first instance, the Court will direct the Clerk to prepare (and, if necessary, deliver to the U.S. Marshals Service) a service package containing the case initiating document(s).

---

[2]  Fed. R. Civ. P. 5; LR 5.1, NDGa; LR 7.1, NDGa; *see also* LR 7.4, NDGa ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

A *pro se* plaintiff is required to (1) provide the Clerk with an **original** of any further pleadings or other papers filed after the Complaint, and (2) **serve** on the defendant(s) or counsel for the defendant(s), by mail or by hand delivery, a copy of every additional pleading or other paper described in Fed. R. Civ. P. 5. Once counsel for a defendant has appeared in the case, the defendant should not be served individually; service should be made directly on counsel.

Each pleading or paper described in Fed. R. Civ. P. 5 shall include a certificate stating the date on which an accurate copy of that document was served. This Court shall disregard any papers that have not been properly filed with the Clerk, or that do not include a certificate of service. *Pro se* parties are also advised that, under LR 7.1, NDGa, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. Further, under LR 56.1(B)(2)(a)(2), NDGa, if a respondent to a motion for summary judgment fails to contest the movant's statement of material facts, the Court will deem the movant's facts as admissions.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. LR 83.1(D)(3), NDGa provides that parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office by letter of any change in address or telephone number. A *pro se*

party's failure to do so where such failure "causes delay or adversely affects the management of a case" may be subject to sanction by the Court. *Pro se* parties are encouraged to provide the opposing party/counsel with an e-mail address for purposes of communicating regarding the case and serving copies of court filings and discovery. If a *pro se* party provides an e-mail address, opposing counsel shall serve copies of all pleadings via e-mail *and* regular mail. *Pro se* parties are advised, however, that the Court serves via regular mail only and not via e-mail.

## II.   CASE MANAGEMENT

### a.      Responses to Pleadings

Answer(s) to a complaint, answer(s) to a designated counterclaim, answer(s) to a cross-claim, answer(s) to a third-party complaint, and replies to an answer (if ordered to be filed by the Court) shall copy into the answer the numbered or unnumbered paragraph of the pleading to which the answer responds and provide the answer to that paragraph immediately following. *E.g.*, a defendant's answer to the complaint should include the text of the relevant paragraph of the complaint immediately before the defendant's response to that allegation.

In accordance with Fed. R. Civ. P. 8(b), a responsive pleading must admit or deny each of the averments of the adverse party's pleading. For example, if the complaint alleges, "A copy of the parties' contract is attached hereto as Exhibit A,"

the defendant's answer must admit or deny this allegation, or plead that it is without knowledge or information sufficient to form a belief, as to whether Exhibit A is in fact a copy of the parties' contract. The defendant may not plead, *e.g.,* "Defendant admits that Exhibit A is attached to the complaint," or that "the document speaks for itself" — such evasive denials will be disregarded, and the averments to which they are directed will be deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). Similarly, a party may not, in its responsive pleading, deny an averment in its opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

### b.      Amended Complaints and Motions to Dismiss

If, in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), the defendant is directed to determine — within 10 days after the filing of the amended complaint — whether the motion to dismiss has been rendered moot. If so, the defendant shall withdraw the pending motion to dismiss.

### c.      Motions for Temporary Restraining Orders or Preliminary Injunctive Relief

The Court will not entertain entering a temporary restraining order or order for preliminary injunctive relief absent a properly supported motion with attached

evidence pursuant to Fed. R. Civ. P. 65.[3] Any request for a temporary restraining order or for preliminary injunctive relief must be made by *separate* motion. If a party requests such relief only in the complaint or other pleading, but fails to file a separate motion seeking the same, the request will not be considered until the merits of the case are addressed. After filing an appropriate motion, the movant must contact Chambers to request expedited consideration.

### d.   Brief Nomenclature

Briefs should be titled on CM/ECF as follows: The initial brief of a movant should be titled "[name of Party]'s Brief in Support of [name of motion]." The brief of the responding party should be titled "[name of Respondent]'s Response in Opposition to [name of motion]." The reply of the moving party should be titled "[name of Party]'s Reply in Support of [name of motion]." Surreplies are not permitted to be filed in the normal course—particularly if oral argument on the motion is being requested. If, however, the Court authorizes a surreply, it should be titled "[name of Respondent]'s Surreply to [name of motion]."

### e.   Electronic Filing of Exhibits and Attachments

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content to assist the Court in making

---

[3]   *See also* LR 7.1(A)(1), NDGa.

its ruling. For example, documents should be uploaded as Ex. A: Smith Deposition; Ex. B: Employment Contract; Ex. C: Jones Letter, etc., rather than simply Ex. A, Ex. B, and Ex. C. When possible, each party should file documents in a text-searchable PDF format.

### f.    Extensions of Time

The Court is responsible for processing cases toward prompt and just resolutions. To that end, the Court seeks to set reasonable but firm deadlines. Motions for extension of time, whether joint, unopposed, or designated as consent, will not be granted as a matter of course.

Parties seeking an extension should explain with specificity the *unanticipated* or *unforeseen* circumstances necessitating the extension and should set forth a full timetable for the completion of the briefing for which the extension is sought. *E.g.*, if a defendant seeks additional time to file a motion to dismiss, the request should include a proposed schedule for completion of the briefing, including filing of the response and reply briefs. Parties should indicate whether opposing counsel consents to the request for an extension and the proposed schedule. A proposed order should be filed via CM/ECF and provided in Word format via e-mail to kristina_jones@gand.uscourts.gov.

**g.    Extensions of Page Limits**

As with motions for extension of time, requests for extensions of the page limits prescribed by the Local Rules will not be granted as a matter of course. Parties believing that additional pages are required for a particular brief should explain with specificity the circumstances necessitating additional pages. Parties should indicate whether opposing counsel consents to the request for additional pages. A proposed order should be filed via CM/ECF and provided in Word format via e-mail to kristina_jones@gand.uscourts.gov.

Parties seeking an extension of the page limit must do so at least three business days in advance of the filing deadline. If a party files a motion to extend the page limit at the same time its brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating this rule. The Court will not consider any arguments made in pages that exceed those prescribed by the Local Rules.

Requests for extensions of page limits will only be granted for *one particular brief at a time*. *E.g.*, if the defendant seeks additional pages for its motion to dismiss brief, the request should only address the additional pages requested for that specific brief (*not* the response or reply briefs).

**h.    Page Limits for Objections to Reports and Recommendations by Magistrate Judges**

Objections to Reports and Recommendations of Magistrate Judges (and, when applicable, special masters), as well as responses to such objections, shall be limited to 15 pages, absent permission of the Court for compelling circumstances.

**i.    Stipulations**

Parties may not stipulate to extensions of time or additional pages. Instead, the Court requires the parties to file a motion requesting such extensions, as explained above.

**j.    Legal Citations**

Legal citations should be in Bluebook format, ***with citations included in footnotes in the brief.* SUBSTANTIVE ARGUMENTS INCLUDED IN FOOTNOTES WILL NOT BE CONSIDERED**. Footnotes must be in the same font type and size as the main text of the filing, although they may be single-spaced.

**k.    Conferences**

Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases. Therefore, counsel are encouraged to request a conference with the Court when they believe that it will be helpful and

they have *specific* goals for the conference. Conferences may be requested by contacting Chambers.

### l.    Requests for Oral Argument on Motions

The Court will consider any request for a hearing on a contested motion. A party wishing to request a hearing (or oppose a request) should clearly do so within the body of its motion or responsive brief. Requests for oral argument will receive favorable consideration if the requesting party represents that a lawyer with less than seven years of litigation experience will conduct the argument (or at least a large majority of the argument), it being the Court's belief that less experienced lawyers need more opportunities for court appearances than they usually receive.

### m.    Proposed Orders

For all consent, unopposed, or joint motions, the filing party shall include a proposed order granting the motion. The proposed order should be filed via CM/ECF and provided in Word format via e-mail to kristina jones @gand.uscourts.gov.

## III.    Discovery

### a.    General Principles of Discovery

In conducting discovery, counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and should conform to the Federal Rules of

Civil Procedure, the Court's Civil Local Rules, this Standing Order, and all applicable orders entered by the Court. In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Fed. R. Civ. P. 26(b) and the good faith obligations implicit in Fed. R. Civ. P. 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and to resolve disputes.

**All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period.** Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with LR 26.2(B), NDGa. All requests for extensions of the discovery period must be made via motion and must state: (1) the original (and, if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether those previous requests were granted or denied; and (4) whether the opposing party consents, and, if not, the reasons given by the opposing party for refusing to consent. An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a consent motion. Motions must be filed prior to the expiration of the existing discovery period. The Court will not enforce private agreements between the parties or their counsel to conduct discovery beyond the

conclusion of the discovery period. The Court does not allow the presentation of evidence at trial that was requested and not revealed during the discovery period *unless* it orders production of such material pursuant to a motion to compel (or similar motion) after completion of the discovery period.

**Counsel should be aware that the Court is not hesitant to sanction a party or counsel for abusing the discovery process.**

**b.     Joint Preliminary Report and Discovery Plan**

LR 16.1, NDGa provides that, prior to filing the Joint Preliminary Report and Discovery Plan (Joint Report), lead counsel for all parties are required to confer *IN PERSON* in an effort to settle the case, discuss discovery, limit the issues to be litigated, and address other matters described in the Joint Report. In addition, counsel should discuss matters related to (a) the electronic discovery that will be sought (if any) and any issues related to such discovery; (b) the electronic retention and retrieval systems that are in use by the responding party; (c) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule; (d) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions; (e) whether there is a need for each party to designate an individual to act as a liaison for the party as to all electronic discovery; and (f) the

possible need for periodic case management conferences to address any new issues and to ensure compliance with the parties' agreement and the Court's orders.

With respect to deadlines addressed in the Joint Report, the Court requires that *specific* due dates be provided rather than a number of days or months. For example, the parties should set forth in the proposed Scheduling Order included in the Joint Report dates for the end of discovery based on the track set forth by the Court for the category of case involved, for the filing of dispositive motions, and for the filing of the proposed consolidated pretrial order. Once entered by the Court, such deadlines will not be amended absent compelling circumstances. The proposed Scheduling Order in the Joint Report should be filed via CM/ECF and provided in Word format via e-mail to kristina_jones@gand.uscourts.gov.

The Court recognizes that it may not be possible to set specific due dates when a defendant files a motion to dismiss or other motion that delays the start of the discovery process. In such cases, the parties must state the number of months that discovery is expected to take and for the other deadlines that follow. Within 14 days after a ruling on any motion that delays the start of discovery, the parties must file an amended Joint Report to identify exact dates for each of the required deadlines. After the filing of a Joint Report or amended Joint Report, the Court will

schedule a Rule 16 conference with counsel and *pro se* parties. The scheduling of the Rule 16 conference shall not delay the start of discovery.

### c.    Initial Disclosures

Initial disclosures should be as complete as possible based on the information reasonably available to the parties at the time of disclosure. Responses may not be reserved for later supplementation.

### d.    Discovery Responses: Boilerplate and General Objections

Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B) & (C) prohibit boilerplate and general objections in response to discovery requests. Parties should not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product protection, overly broad/unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

A party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party on which the discovery

response is served to know exactly what objections have been asserted to each request. All "General Objections" shall be disregarded by the Court.

Finally, a party that objects in part and responds in part to a discovery request must indicate whether the response is complete, *i.e.*, whether additional information or documents would have been provided but for the objection(s).[4] For example, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### e.    Interrogatories

Whenever possible, counsel are encouraged to exchange information informally. The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief,

---

4    Fed. R. Civ. P. 34(b)(2)(C).

straightforward, particularized, and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification of persons, documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple repetitive interrogatories are objectionable. A party may not, however, refuse to provide a response to an interrogatory on the basis that it is an impermissible "contention interrogatory."

Fed. R. Civ. P. 33(b)(3) requires the respondent to provide separate written answers to each interrogatory unless the respondent objects to the interrogatory. If an objection is made, the reason(s) for the objection shall be stated and the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, the responding party shall reasonably interpret it (which interpretation may be specified in the response) and answer it so as to provide rather than withhold information. Generally, the responding party is required to produce information only in the form in which it is maintained or is available. If an answer is made by reference to a document, the document must be attached or identified and made available for inspection. Generalized cross-references, such as to a deposition, are not acceptable.

If a privilege objection is made, the claim must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should ordinarily specify the privilege relied on and include the date, title, description, subject, and purpose of the document; the name, position, and email address of the author; and, the names, positions, and email addresses of the other recipients. In the case of an oral communication, the statement should include the privilege relied on and the date, place, subject matter; the purpose of the communication; and, the names and identifying information of all individuals present.[5]

### f.    Requests for Production or Inspection

To the extent possible, requests for production should specify the title and description of the documents or records requested. (Information needed for specification can often be obtained by informal discovery, deposition, or interrogatories, if necessary.)

When responding to requests, materials (including electronically stored information) should be produced in accordance with Fed. R. Civ. P. 34(b)(2)(E). All documents should be Bates-numbered or labeled with a unique identifier on

---

[5]    Fed. R. Civ. P. 26(b)(5).

each page. Documents should ordinarily be produced (1) with labels corresponding to the categories of the specific requests to which they respond or (2) in a format where it is clear which document is responsive to a particular request. Opening a warehouse for inspection, burying the responsive documents in a mass of materials, and similar tactics do not meet the good faith requirements of the Federal Rules of Civil Procedure or this Court's Civil Local Rules.

### g.    Requests for Admission

Requests for admission are an economical and efficient means of narrowing issues and making a record of informal exchanges of information, stipulations, and matters subject to judicial notice. Each request should be: brief; clear; simple; addressed to a single point; and, stated in neutral, non-argumentative words. Ordinarily, requests should deal with objective facts only. They may be combined with interrogatories to ask for the factual basis of a claim or a denial. Fed. R. Civ. P. 36(a)(4) requires that a response to a request for admission specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny. A denial shall fairly meet the substance of the request, and, when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding.

**h.     Depositions**

Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, ***before*** a deposition is noticed.

When counsel enter into stipulations at the beginning of a deposition, the terms of each stipulation should be fully stated on the record. Questions should be brief, clear, and simple. A deposition may not be used to harass or intimidate a witness.

Under Fed. R. Civ. P. 30(c)(2), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to ***shall be taken*** subject to the objection. In the absence of a good faith claim of privilege or witness harassment, instructions not to answer are rarely justified and may lead to sanctions under Fed. R. Civ. P. 37. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. Counsel are ***strongly*** encouraged to resolve deposition objections without the Court's involvement and prior to use of the testimony at trial.

Fed. R. Civ. P. 26(a)(2) and 26(b)(4) should be consulted regarding expert disclosures. Experts who are prospective witnesses are normally produced for

deposition as a matter of course. The requirements of LR 26.2(C), NDGa must be met. Failure to identify an expert and serve an expert report may result in the expert being precluded from offering testimony in this case.

The parties are expected to observe the limitations on depositions specified in Fed. R. Civ. P. 26(b) and 30 and, in particular, to avoid unnecessary depositions. The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct such a deposition.

### i.    Discovery Disputes

Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing any discovery dispute to the Court.[6] The duty to confer is ***not*** satisfied by sending a written document (*e.g.*, letter, fax, e-mail) to the adversary, ***unless*** repeated attempts to confer by phone or in person are unsuccessful due to the conduct of the adversary. The Court will work to reduce delays and inefficiency arising from discovery disputes, including deposition objections.

---

[6]    Fed. R. Civ. P. 26(c), 37(a)(1); LR 37.1(A), NDGa.

Parties must submit their discovery disputes to the Court *before* filing formal motions to compel, for a protective order, or for sanctions. Thus, prior to the filing of a discovery motion (except for unopposed, consent, or joint motions to extend the discovery period), each party involved in the dispute must email to Chambers (kristina_jones@gand.uscourts.gov) a statement outlining its position and requesting a conference with the Court. The statement shall not exceed 500 words and shall comply with LR 5.1, NDGa. The party initiating the request for a discovery conference is required to attach as an exhibit to its statement an *excerpt* of the relevant discovery requests and (if appropriate) any responses and objections that are the subject of the dispute. The parties should *not* attach an entire copy of the discovery requests. In the discretion of the Court, the statements submitted by the parties may be filed on the docket.

After receipt of the parties' submissions, Chambers will schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion. The call will be recorded by a court reporter.

If any party has a dispute with a non-party (*e.g.*, a disagreement regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it should *not*

file a motion, but rather, should follow the procedure detailed in this section of the Court's Standing Order.

**j.    Confidentiality Agreements, Protective Orders, Motions to Seal**

Fed. R. Civ. P. 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause. Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential."[7] Good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive commercial information, such that public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense."[8]

Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file documents containing confidential information shall first consult with the counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

---

[7]    *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001).

[8]    Fed. R. Civ. P. 26(c)(1).

To request to file material under seal, the parties should follow the mechanism described in Section II(J) of Exhibit A to Appendix H of the Civil Local Rules and consult the Court's Procedure for Electronic Filing Under Seal in Civil Cases.[9] These procedures require filing an *un*redacted version of the document as provisionally under seal *and* publicly filing a redacted version of the document, along with the motion to file under seal. For parties proceeding *pro se*, motions to seal must be manually filed with the Clerk of Court. In such instances, the material subject to the request to seal should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

## IV.    Summary Judgment

### a.    Motions for Summary Judgment

All citations to record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. The party should include in the brief, immediately following a deposition reference, a citation indicating the page and line numbers of the transcript where the

---

[9]    http://www.gand.uscourts.gov/cv-sealed-procedures.

*See also* http://www.gand.uscourts.gov/entire-filing-sealed-instructions (concerning filings sealed in their entirety).

referenced testimony can be found. The party should also attach to the brief a copy of the *specific* pages of the deposition that are referenced in the brief, preferably using the condensed or minuscript version of the transcript. The party should not attach to the brief a copy of the entire deposition transcript. The entire original deposition transcript is to be filed *separately* at the same time the motion for summary judgment is filed, under a notice of filing original deposition transcript.

The parties are **REQUIRED** to submit to Chambers courtesy copies of motions for, responses to, and replies in support of summary judgment, including all exhibits. The courtesy copy should be stamped filed with the CM/ECF header and assembled in a tabbed, indexed three-ringed binder.

### b.    Form of Statement of Material Facts

In addition to following the form instructions set out in LR 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following. A party that chooses to reply to a response that raises additional facts (pursuant to LR 56.1(B)(3), NDGa) shall (1) copy into its reply document its original numbered statement of material fact and the opposing party's response, and then (2) provide its reply to that statement immediately following. Each party shall file its documents in a text-searchable

PDF format. Statements of material fact that do not conform with these instructions will be returned to counsel for revision and resubmission within two business days after the filing is returned.

## V.   Trial

### a.   Proposed Consolidated Pretrial Order

If a motion for summary judgment is pending, the proposed consolidated pretrial order is required to be filed within 30 days after entry of the order ruling on the motion for summary judgment, unless a specific due date is set by the Court. LR 16.4, NDGa sets forth the requirements for the proposed consolidated pretrial order.

### i.   Outstanding Motions

The proposed consolidated pretrial order should include a statement of any pending motions or other matters that require the attention of the Court. The parties should identify any motions *in limine* that they anticipate filing as well as any motions objecting to expert testimony based on *Daubert v. Merrell Dow Pharm., Inc.*[10] After receipt of the proposed consolidated pretrial order, the Court will issue a scheduling order setting dates for hearings on any pending *Daubert* motions;

---

[10]   509 U.S. 579 (1993).

briefing and hearings on motions *in limine*; the pretrial conference; other pretrial matters; and, the start of trial.

### ii.    Voir Dire

As part of the pretrial order, the parties must submit a single, unified set of proposed voir dire questions. The parties may divide the list according to the questions that each party proposes to ask. Any objections by the opposing party must be included directly below the question at issue. The Court's Qualifying Questions for Prospective Jurors are attached to this Order as Exhibit A. Do not duplicate these questions in the proposed voir dire questions.

### iii.    Issues to Be Tried

The statement of contentions in the proposed consolidated pretrial order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damages sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified. The defendant should (1) explicitly set out any affirmative defenses on which it intends to rely at trial and (2) satisfy the requirements above with respect to any counterclaims.

### iv.   Trial Exhibits and Witnesses

Exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (for example, Plaintiff's Exhibit 1 or Plaintiff Jones-1 if there is more than one plaintiff). The parties shall adhere to the guidelines for the color coding of exhibit stickers set forth in LR 16.4(B)(19)(b), NDGa. The parties shall number each exhibit separately. For example, exhibits should not be grouped as "hospital records" or "photographs."

In listing witnesses or exhibits in the proposed consolidated pretrial order, a party may not reserve the right to supplement the list and may not adopt another party's list by reference. Witnesses and exhibits not identified in the proposed consolidated pretrial order may not be used during trial, unless it is necessary to prevent a manifest injustice.

### v.   Discovery Materials

In preparing the proposed consolidated pretrial order, each party shall identify to opposing counsel each deposition, interrogatory, or request to admit response (or portion thereof), that the party expects to or may introduce at trial (other than materials to be used for impeachment purposes). All exhibits, depositions, interrogatory responses, and request to admit responses shall be

admitted at trial when offered unless the opposing party has asserted a specific objection in the proposed consolidated pretrial order.

### b.    Final Pretrial Conference

The Court will conduct a final pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the proposed consolidated pretrial order. LR 16.4, NDGa contains a detailed explanation of what should be in the proposed consolidated pretrial order. Parties should bring to the conference a copy of the proposed order and attachments thereto, as well as any outstanding motions.

Unless otherwise directed, all motions *in limine* shall be filed at least 14 days before the conference. Briefs in opposition to motions *in limine* should be filed at least seven days before the conference. Because the motions *in limine* will be addressed during the conference, the Court disfavors the filing of reply briefs. However, should the movant believe the filing of a reply is necessary, any reply brief must be filed at least two business days prior to the conference.

The attorneys for all parties are further directed to meet ***in person*** no later than ten days before the date of the final pretrial conference to:

a.    discuss settlement; and,

b.    stipulate to as many facts and issues as possible.

Such meeting shall be initiated by counsel for the plaintiff.

In accordance with LR 26.2C, NDGa, *Daubert* motions must be filed no later than the date the proposed consolidated pretrial order is submitted. Briefs in opposition must be filed within 14 days following the *Daubert* motion. Reply briefs must be filed within seven days thereafter.

At the final pretrial conference, the parties will be required to identify the specific witnesses they will call in their case at trial. The Court may require the parties to bring to the final pretrial conference those exhibits they plan to introduce at trial to which there are objections, so that the Court may consider the objections thereto. To the extent there is a group of exhibits that all present a similar issue that may impact the admissibility of those exhibits, such issues may be appropriate subjects for motions *in limine*.

### c.   Proposed Findings of Fact and Conclusions of Law

When the parties are required to submit proposed findings of fact and conclusions of law pursuant to LR 16.4(B)(25), NDGa, counsel and *pro se* parties should confer to provide the Court a single, unified set of proposed findings of fact and conclusions of law. In other words, the Court requires a consolidated set of proposed findings **to which all parties agree**. Following the agreed on proposed findings, the parties should include their proposed findings to which opposing

counsel objects. Where a proposed finding is not agreed on, the parties should indicate who is proposing the finding, the legal or factual basis for the proposed finding, and the other party's objection to the proposed finding. The Court should be able to work out of one document, not a myriad of filings on the docket.

In addition to electronically filing the consolidated proposed findings, counsel should provide a copy of the document in Word format via e-mail to kristina_jones@gand.uscourts.gov.

### d.   Courtroom Technology

Our courtroom has various electronic equipment for use by counsel at trial and hearings. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a Blue Card (*i.e.*, the blue ID card issued through the U.S. Marshals Service) who would like to bring into the courthouse electronic equipment, such as a laptop computer or a cell phone with a camera, must file a proposed order in the case allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial

to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. This should be done not less than three business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

e.   **Trial Days**

The Court usually is in session from 9:30 a.m. until 5:00 p.m. Monday through Friday. There will be a 15-minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the responsibility of the Court, the litigants, and counsel to use the jury's time efficiently. Accordingly, it is each party's responsibility to have enough witnesses on hand for each day's proceedings. Further, matters that need to be addressed outside the presence of the jury should be reasonably anticipated and raised during breaks or before the start of the trial day. **Sidebar conferences are particularly disfavored and requests for them will generally be denied.**

i.   **Voir Dire**

During voir dire, the Court will ask certain qualifying questions. The Court's questionnaire is attached as Exhibit A. The Court will then permit the attorneys to ask the voir dire questions it has approved.

In general, eight jurors will be selected to deliberate for cases expected to last one week or less. The Court may empanel additional jurors for cases expected to last more than one week. The number to be empaneled for such cases will be determined after receiving input from the parties.

### ii.    Courtroom Communications and Conduct

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern. If counsel desire a daily or rough copy of the transcript of a hearing or trial, counsel *must* notify the Court Reporter at least 48 hours prior to the commencement of the proceeding. During trial, a portable microphone is available that will allow counsel to move around the courtroom. Any witness not testifying from the witness stand must also use a portable microphone.

Counsel should refrain from making disparaging remarks or displaying ill will toward witnesses and other counsel, and from causing or encouraging any ill feeling among the litigants. Counsel and litigants are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess. A motion for mistrial must be made

immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objections (*e.g.*, "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Court. Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

### iii.   Opening Statements

The time allotted to opening statements and closing arguments will be determined at the pretrial conference and specified in the final pretrial order. During opening statement, counsel may refer to the contents of, and show the jury, exhibits—provided that counsel has previously shown the exhibits to opposing counsel and opposing counsel has expressed no objection to their use.

### iv.   Witnesses

Counsel and witnesses are to refrain from making extraneous statements, comments, or remarks during examination. Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained. Such matters should be taken up with the Court outside the presence of the jury.

Only one attorney per party may object to the testimony of a witness being questioned by an opposing party. The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.

        *v.*    **Exhibits**

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with LR 16.4, NDGa. The parties should deliver tabbed, indexed three-ringed binders with the marked trial exhibits to the Courtroom Deputy Clerk before the start of court on the first day of trial. At the same time, parties should provide copies of the marked exhibits in electronic form (*e.g.*, on a disc, thumb drive, or other similar media) to the Courtroom Deputy Clerk.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (*e.g.*, letter or legal-sized), ***legible*** copy of the exhibit or board so that the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, who will pass them to the Judge. Counsel are not required to obtain permission to approach a witness in order to show the witness an exhibit or other document.

### vi.   Jury Charges

Notwithstanding LR 51.1(A), NDGA, preliminary requests to charge and verdict forms (if any) shall be filed on CM/ECF no later than five days prior to the final pretrial conference, unless otherwise ordered by the Court. At the same time, the parties must also provide a copy of the proposed jury charge and verdict form (if any) in Word format via e-mail to the Courtroom Deputy Clerk.

The jury charge shall be a single, unified set of proposed jury instructions. In other words, the Court requires a consolidated set of jury instructions to which all parties agree. Following the agreed on jury instructions, the parties should include their instructions to which opposing counsel objects. Where an instruction is not agreed on, the parties should indicate who is proposing the instruction, the legal basis for the instruction, and the basis for the other party's opposition to the instruction.

Ordinarily, the Court will charge the jury before closing argument. The jury will be provided with a written copy of the jury instructions.

Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable. If there is no appropriate Eleventh Circuit charge, counsel should use the Federal Jury Practice and Instructions.[11] If Georgia State law applies, counsel must use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. If other state law applies, counsel shall present the appropriate pattern instruction from the applicable state. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

Each request to charge shall be numbered sequentially and on a separate page with authority for the requested charge cited at the bottom of the page. Counsel should be sure to include all substantive law issues and should not assume that the Court has its own charge on the substantive law.

**IT IS SO ORDERED** this the 26th day of September 2019.

Steven D. Grimberg
United States District Court Judge

---

[11]   O'Malley, Grenig & Lee, FED. JURY PRACTICE & INSTRUCTIONS (5th ed. 2000).

## EXHIBIT A: QUALIFYING QUESTIONS FOR PROSPECTIVE JURORS

1.  Does any member of the panel know or are you related to [Plaintiff's attorney]?

2.  Does any member of the panel know any employees of, or has any member of the panel or an immediate family member worked for or been represented by the law firm of [Plaintiff's attorney]?

3.  Does any member of the panel know or are you related to [Defendant's attorney]?

4.  Does any member of the panel know any employees of, or has any member of the panel or an immediate family member worked for or been represented by the law firm of [Defendant's attorney]?

5.  Does anyone know or are you related to [Plaintiff] in the case?

6.  Does anyone know or are you related to [Defendant] in the case?

7.  Does anyone know any of the following individuals who may be witnesses in this case [list witnesses]?

8.  Does anyone believe you know anything about this case or that you have heard anything about this case before coming to Court today?

9.  Is there any member of the panel who would not accept the law as I give it to you in my instructions even if you disagree with the law?

10. Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

11. Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

**<u>EXHIBIT B: CERTIFICATE OF COMPLIANCE</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| XXXXXXXXXXXX,<br><br>    Plaintiff,<br><br>                    v.<br><br>XXXXXXXXXXXX,<br><br>    Defendant. | Civil Action No.<br>XX-CV-XXXXX-SDG |

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that I have read the Court's Standing Order Regarding Civil

Litigation and that I will comply with its provisions during the pendency of this

action.

_____
Signature of counsel/*pro se* party