UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENNETT COLLEGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE SOUTHERN ASSOCIATION OF ) <br> COLLEGES AND SCHOOLS ) <br> COMMISSION ON COLLEGES, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 1:19-cv-00883-SDG |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Bennett College ("Bennett") and Defendant The Southern Association of Colleges and Schools Commission on Colleges, Inc. ("SACSCOC") (collectively, the "Parties") respectfully request leave of Court to file under seal limited portions of: (1) Exhibits 12, 13, 15, 19, 23, 24, and 25 to the Declaration of Derin B. Dickerson (the "Dickerson Declaration"); (2) the transcripts of the depositions of Dr. Christopher Brown, Dr. Maurice Scherrens, Dr. Eric McDonald, Dr. Ray Belton, Donna Barrett, Latonya Flamer, Dr. Michael Hoefer (both 30(b)(6) and individual depositions), Dr. Ingrid Thompson-Sellers, and Kimberly Ripberger; and (3) Bennett's brief in support of its motion for partial summary judgment and statement of material facts (collectively, the "Confidential Information"):

1

In support of this Motion, the Parties state as follows:

1.  Section II(J) of Exhibit A to Appendix H of the Civil Local Rules and this Court's Standing Order Regarding Civil Litigation require a party seeking to file under seal to establish good cause for sealing. To make this showing, the movant must generally:

> (i) identify, with specificity, the document(s) or portions thereof for which sealing is requested; (ii) explain (for each document or group of documents) the reasons sealing is necessary; (iii) explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of documents reflected in controlling case law. *Id.*

2.  Pursuant to the Civil Local Rules and this Court's Standing Order Regarding Civil Litigation, the Parties request that Confidential Information be filed under seal. Specifically, Bennett seeks leave to seal a letter from one of Bennett's lenders referencing a loan modification that the lender agreed to provide to Bennett on a confidential basis (the "Lender Letter"), as well as portions of deposition testimony and other documents that reveal the identity of Bennett's lender or the specific terms of the loan modification that was offered.[1]

---

[1] The specific portions of each exhibit that the Parties seek leave to file under seal are as follows: (1) excerpts of Exhibit 12 to the Dickerson Declaration (at pp. SACSCOC_004488, 4490, 4419, 4533, and 4534); (2) excerpts of Exhibit 13 to the Dickerson Declaration (at pp. SACSCOC_008088); (3) excerpts of Exhibit 15 to the Dickerson Declaration (at pp. SACSCOC_002015, 2037, 2039, and 2041); (4)

3. Sealing of this information is required because it constitutes confidential financial information that Bennett's lender—a party not before the Court—has expressly requested remains confidential. Indeed, Bennett's lender prohibited Bennett from disclosing the terms of the loan modification to anyone, with a limited exception to allow Bennett to disclose the terms of the modification to SACSCOC under the express condition that SACSCOC agree to keep the information confidential.

4. Less drastic alternatives than sealing are not available. Bennett has sought to seal only the Lender Letter itself, which Bennett has agreed to keep confidential, as well as those portions of deposition testimony and documentary evidence that disclose either the identity of the lender or the specific terms of the loan modification. If Bennett were to disclose this information publicly, Bennett would violate its agreement with its lender. Thus, while Bennett has minimized the

---

excerpts of the Deposition of Dr. Christopher Brown, including those referenced in Exhibit 19 to the Dickerson Declaration (at pp. 41, 42, 43, 44, 47, 49, 75, 76, and 77); (5) excerpts of the Deposition of Dr. Maurice Scherrens, including those referenced in Exhibit 23 to the Dickerson Declaration (at pp. 169, 170); (6) excerpts of the Deposition of Dr. Eric McDonald, including those referenced in Exhibit 24 to the Dickerson Declaration (at pp. 156, 164); (7) excerpts of the Deposition of Dr. Ray Belton, including those referenced in Exhibit 25 of the Dickerson Declaration (at p. 57); and (8) portions of Bennett's brief in support of its motion for partial summary judgment and statement of material facts that reference this evidence.

information that it seeks to seal from the public docket as much as possible, less drastic alternatives than sealing are not available.

5. Under controlling case law, the district court must "balance the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The district court must consider several factors, including "the degree of and likelihood of injury if made public," "whether the information concerns public officials or public concerns," and "the availability of a less onerous alternative to sealing the documents." *Id.*

6. These factors weigh in favor of sealing the information. Making information about the identity of Bennett's lender and the specific terms of the loan modification public would injure Bennett because it would cause Bennett to violate its agreement with its lender to keep this information confidential. If Bennett were to violate its agreement to keep this information confidential, Bennett's future relationship with its lender would also be harmed, as the lender may be less likely to be willing to negotiate with Bennett regarding sensitive matters. Moreover, the lender could also be injured if this information were publicly disclosed, as revealing the specific terms of a loan modification to which the lender agreed could put the lender at a competitive disadvantage in its negotiations with other borrowers. The

information that Bennett seeks to seal does not concern public officials and is not related to a matter of public concern, as Bennett is a private institution.  Moreover, as discussed above, there are no less onerous alternatives to sealing. Hence, for all of these reasons, good cause exists to file the Confidential Information under seal.

7.     Accordingly, the Parties respectfully request that this Court enter an Order permitting them to file the Confidential Information under seal.

Dated:  February 7, 2020

Respectfully Submitted,

By: */s/* Derin B. Dickerson
Derin B. Dickerson
Georgia Bar No. 220620
Gavin Reinke
Georgia Bar No. 159424
Jahnisa T. Loadholt
Georgia Bar No. 940679
Kristi Ramsay
Georgia Bar No. 964749
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
derin.dickerson@alston.com
gavin.reinke@alston.com
jahnissa.loadholt@alston.com
kristi.ramsay@alston.com

*Attorneys for Plaintiff Bennett College*

By: */s/* Patrick W. McKee
Patrick W. McKee
Georgia Bar No. 494325
LAW OFFICE OF PATRICK W. MCKEE, LLC
19 Spring Street
Newnan, GA 30263
Telephone: (770) 683-8900
Facsimile: (770) 683-8905
pwmckee@mckeelaw.com

KING & SPALDING LLP
Letitia A. McDonald
Georgia Bar No. 489430
Lohr Beck-Kemp
Georgia Bar No. 828063
J. Matthew Brigman
Georgia Bar No. 254905
Alexander G. Gray
Georgia Bar No. 301019
1180 Peachtree Street
Atlanta, Georgia 30309

tmcdonald@kslaw.com
lbeck-kemp@kslaw.com
mbrigman@kslaw.com
alex.gray@kslaw.com
Telephone: (404) 572-4600
Facsimile: (404) 572-5139

*Attorneys for Defendant The Southern Association of Colleges and Schools Commission on Colleges, Inc.*

6

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)**

In accordance with L.R. 7.1D, the undersigned counsel hereby certifies that, consistent with L.R. 5.1B, the foregoing document was prepared in Times New Roman font, 14 point.

/s/ Derin B. Dickerson

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 7th day of February, 2020 electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will deliver a copy to all counsel of record:

Dated: February 7, 2020

/s/ Derin B. Dickerson